UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN BALLENTINE,

                Plaintiff,

      -against-

VERIZON COMMUNICATIONS, INC.,

             Defendant.

24-CV-4903 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. Plaintiff seeks damages from defendant, under 38 U.S.C. § 5727, for disclosures of his personally identifying information in various data breaches. By order dated August 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff's complaint. Plaintiff was a customer of Defendant Verizon Communications, Inc., from 2022 until June 2024. During the two years that Plaintiff was a Verizon customer, his personal information – social security number, photos, and home address – was disclosed to unauthorized persons through multiple data breaches. As a result, Plaintiff has been subjected "to harassment by mentally unstable people" who visited his private address several times and followed him, causing him to "fear for [his] life." (ECF 1 at 5.) He contends that members of his family "were also victims of the data breach." (*Id.*) Plaintiff seeks damages of $133,000.33. (*Id.* at 6.)

**DISCUSSION**

A.      **Federal Law Claims**

Plaintiff invokes a federal statute, 38 U.S.C. § 5727, as the basis for his claims. This statute is part of the  Veterans Benefits, Health Care, and Information Technology Act of 2006 (VHBITA), 38 U.S.C. §§ 5721–28, which requires the Secretary of the Department of Veterans Affairs to establish and maintain a comprehensive information security program to protect Department information. Plaintiff brings this suit against Defendant Verizon Communications, Inc., which is a private business not implicated by the statute governing the information policies of the Department of Veterans Affairs. Plaintiff thus fails to state a claim against Defendant under Section 5727, the only federal statute that he invokes.[1] The Court therefore dismisses Plaintiff's claim under 38 U.S.C. § 5727 for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Courts must construe a *pro se* plaintiff's factual allegations to raise the strongest claims that they suggest. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) ("[O]ur holding is rooted in our well-worn precedent concerning a district court's obligation to liberally construe *pro se* submissions. We do not expand that obligation here, nor do we purport to task district courts with the responsibility of scouring obscure bodies of law in order to come up with novel claims on behalf of *pro se* litigants."). Here, it is not plain that there is any other federal statute on which Plaintiff can rely. Although some federal statutes require private businesses that experience data breaches to provide notice to consumers in certain circumstances, the Court is unaware of any that allow an individual to sue for damages. *See, e.g.*, *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow . . . consumers standing to enforce its provisions."); *Rider v. Uphold HQ Inc.*, 657 F. Supp. 3d 491, 503 (S.D.N.Y. 2023) (noting, in suit alleging that plaintiffs' accounts were accessed by unauthorized actors, that "[t]he parties agree that the FTCA, BSA, and GLBA contain no private right of action.").

B.    **State Law Claims**

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); 28 U.S.C. § 1367(c)(3) (A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction."). The Court has dismissed Plaintiff's only federal claim and, unless the Court has diversity jurisdiction under 28 U.S.C. § 1332. it is therefore appropriate to decline to exercise supplemental jurisdiction of any state law claims.

Plaintiff has not pleaded facts that could establish diversity jurisdiction as a basis for subject matter jurisdiction in federal court. To establish jurisdiction under Section 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege facts suggesting to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (internal quotation marks omitted).

Plaintiff alleges that Defendant Verizon Communications, Inc. is incorporated in and has its principal place of business in New York. (ECF 1 at 3.) Plaintiff asserts that he is a citizen of New York, but the only address that he lists for himself is a non-residential office address on Wall Street in Manhattan. (*Id.*) Plaintiff thus does not show that he is domiciled in New York. Even if he had pleaded facts establishing his citizenship in New York, this would demonstrate that the parties do not have diverse citizenship.

Plaintiff may also intend to name as an individual defendant Hans Vestberg, who is not listed in the caption of the complaint but is listed as a defendant in the body of the complaint.[2] Plaintiff lists only an office address in Manhattan for Vestberg, not a domicile. (ECF 1 at 4.) It is thus unclear whether Plaintiff intends to sue Vestberg and, if so, whether Vestberg is a citizen of New York. The facts alleged in the complaint thus do not establish diversity jurisdiction of this action under 28 U.S.C. § 1332.

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a district court should allow a *pro se* plaintiff to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Here, if Plaintiff is domiciled outside New York, or is otherwise able to plead facts establishing diversity jurisdiction and wishes to pursue his state-law claim in federal court, he may submit an amended complaint stating facts

---

[2] By contrast, Verizon Communications, Inc. is listed in the caption of the complaint but is not listed as a defendant within the body of the complaint. It is therefore unclear if Plaintiff sues one or two defendants.

showing that citizenship of the parties is diverse and that the amount in controversy exceeds $75,000.[3]

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing Plaintiff's federal claim for failure to state a claim on which relief can be granted and declining supplemental jurisdiction of his state law claims.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    August 21, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[3] The Court notes, however, that although New York law also imposes obligations on companies doing business in New York to notify consumers of data breaches, the Court is unaware of any state law that provides a private individual the right to sue for damages. *See, e.g.*, N.Y. Gen. Bus. Law § 899-bb (Stop Hacks and Improve Electronic Data Security Act (SHIELD Act) ("Nothing in this section shall create a private right of action.")).